November 19, 2010

The Honorable Elizabeth Murray-Kolb          Opinion No. GA-0821
Guadalupe County Attorney
101 East Court Street, Suite 104             Re:  Whether a political subdivision, including a
Seguin, Texas  78155-5779                    home-rule city, is required to pay impact fees imposed
                                             by another political subdivision under chapter 395,
                                             Local Government Code   (RQ-0885-GA)

Dear Ms. Murray-Kolb:

You ask whether a political subdivision, including a home-rule city, is required to pay impact fees imposed by another political subdivision under chapter 395, Local Government Code.[1] A chapter 395 impact fee is "a charge or assessment imposed by a political subdivision against new development" for capital improvement or facility expansion "necessitated by and attributable to the new development." TEX. LOC. GOV'T CODE ANN. § 395.001(4) (West 2005). You are concerned about impact fees that a conservation and reclamation district has assessed on new development by the City of Schertz, a home-rule city, and which may be imposed on planned new development by Guadalupe County. Request Letter at 1–2.

Local Government Code section 395.022(a) provides that "[p]olitical subdivisions and other governmental entities *may* pay impact fees imposed under this chapter." TEX. LOC. GOV'T CODE ANN. § 395.022(a) (West Supp. 2010) (emphasis added). In 1993, this office determined that this language authorizes political subdivisions to pay impact fees, but does not grant them the choice to pay or not pay such fees. Tex. Att'y Gen. LO-93-060, at 2–3. You question the continued viability of the opinion's conclusion because of the Code Construction Act's definition of the word "may," added in 1997. Request Letter at 2–6 (citing Texas Government Code section 311.016(1)–(2)). You also contend that chapter 395 should not be construed as requiring home-rule cities to pay impact fees in light of home-rule cities' broad powers. *Id.* at 4–5.[2] We disagree for several reasons.

---

[1] *See* Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2] We assume without deciding that the particular impact fees you describe are exclusively governed by Local Government Code chapter 395. *Compare* TEX. LOC. GOV'T CODE ANN. § 395.080(a)(2) (West 2005) (stating that chapter 395 does not apply to impact fees approved by the Texas Natural Resource Conservation Commission (now renamed the Texas Commission on Environmental Quality)), *with* TEX. WATER CODE ANN. § 49.212(d) (West Supp.
(continued...)

First, when the Legislature amended section 395.022 in 2007, it did not alter the language construed in Attorney General Letter Opinion LO-93-060 but, rather, created an exception, applicable only to certain school districts, from the requirement to pay an impact fee. TEX. LOC. GOV'T CODE ANN. § 395.022(b) (West Supp. 2010); SENATE RESEARCH CTR., BILL ANALYSIS, Tex. S.B. 883, 80th Leg., R.S. (2007) (Statement of Intent). Second, in a 2008 opinion, we reiterated that a political subdivision's payment of properly imposed impact fees is mandatory except for the school districts exempted by statute. Tex. Att'y Gen. Op. No. GA-0637 (2008) at 3. Finally, chapter 395 expressly defines "political subdivision" to include municipalities which, in turn, includes home-rule municipalities. *See* TEX. LOC. GOV'T CODE ANN. § 395.001(7) (West 2005); *id.* § 1.005(3) (West 2008). We conclude that chapter 395 does not give political subdivisions or governmental entities, other than school districts in some instances, the discretion to not pay impact fees as required under the chapter.

---

[2](...continued)
renamed the Texas Commission on Environmental Quality)), *with* TEX. WATER CODE ANN. § 49.212(d) (West Supp. 2010) (stating that "[n]otwithstanding any provision of law to the contrary, a [chapter 49] district that charges a fee that is an impact fee as described in Section 395.001(4), Local Government Code, must comply with Chapter 395, Local Government Code").

## S U M M A R Y

Local Government Code chapter 395 does not give political subdivisions or governmental entities, other than school districts in some instances, the discretion to not pay impact fees as required under the chapter.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee